UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Robert Romine, as parent and Guardian For the minor C.R., <br><br> Plaintiff, <br> v. <br><br> Town of Springdale; Carl Wilhelm; Matthew Young; and Arturo Contreras, <br><br> Defendants. | CA No.: 3:23-cv-01155-SAL-PJG <br><br> **COMPLAINT** |

Plaintiff Robert Romine, by and through his undersigned attorney, on behalf of the minor, C.R., and complaining of the Defendants, alleges the following:

**PREFACE**

Plaintiff Robert Romine on behalf of the minor C.R. brings this civil rights action against Carl Wilhelm, Matthew Young, and Arturo Contreras, pursuant to 42 U.S.C. §1983 for violations of Plaintiff's minor child's constitutional right to be free from unreasonable seizures and excessive use of force under the Fourth Amendment of the United States Constitution. Plaintiff alleges former Town of Springdale Police Officer Carl Wilhelm's use of a Taser on 10-year-old minor C.R. was unreasonable. He further alleges Officers Young and Contreras were in a position to prevent the unreasonable use of force and failed to do so. Plaintiff also brings state law claims pursuant to the South Carolina Tort Claims Act (SCTCA) against the Town of Springdale for the common law South Carolina torts of assault, battery, and gross

1

negligence based on the acts of Defendants Wilhelm, Young, Contreras, and others unknown officers on behalf of the Town of Springdale.

## PARTIES

1. Plaintiff Robert Romine is a citizen and resident of Lexington County, State of South Carolina, and is the parent and legal guardian of the minor, C.R.

2. Defendants Carl Wilhelm, Matthew Young, and Arturo Contreras are, upon information and belief, citizens, and residents of South Carolina, and were at all times relevant hereto, employees of the Town of Springdale Police Department. At all relevant times they were acting under color of state law and in the course and scope of their employment as law enforcement officers with the Town of Springdale Police department. They are sued for actual and punitive damages.

3. Defendant Town of Springdale is a defendant pursuant to S.C. Code Ann §15-78-60, which makes the employing entity statutorily liable for its own acts and omissions in addition to those of its employees done in the course and scope of their employment. Compensatory damages are sought against Town of Springdale for its own misconduct and that of Defendant Wilhelm.

## JURISDICTION AND VENUE

4. Jurisdiction is founded 28 U.S.C. §1331 (federal question) and §1376 (supplemental jurisdiction). Venue is properly within this district and division under 28 U.S.C.§1391(a)(2), (b)(2), and the Local Rules of the South Carolina District Court

as the events which give rise to this litigation occurred in the District of South Carolina, Columbia Division.

## STATEMENT OF FACTS

5. In April of 2021, Plaintiff Romine and Amanda Swan shared joint legal custody of their 10-year-old son, the minor C.R. During this time, Ms. Swan was in a romantic relationship with Defendant Carl Wilhelm, a police officer with the Town of Springdale Police Department.

6. On April 21, 2021, around 7:00 a.m., Ms. Swan dropped off her son, the minor C.R., at the Town of Springdale Police Department, while Defendant Wilhelm was on duty so he could give him a ride to school. He was placed in the custody and control of Defendant Wilhelm.

6. Upon information and belief, the minor child interrupted a conversation between Defendant Wilhelm and two other on-duty police officers, Defendants Contreras and Young. Defendant Wilhelm then unholstered his Taser, verbally threatened the minor C.R., and pointed the Taser at the minor child. The child, fearing for his safety, ran and attempted to hide behind a barrier. Defendant Officers Young and Contreras took no actions after the verbal threats to the minor child, the display of the Taser, and the pointing of the Taser. As the minor C.R. tried to run away, Defendant Wilhelm pulled the trigger, resulting in the Taser probes striking the child in the left side of his head, causing him to fall to the ground unconscious.

7. Upon information and belief, Defendant Wilhelm thought the child was hiding from him and told him to get up. When Defendants Wilhelm, Contreras and Young went to check on him, he was lying on the floor and was having a seizure.

8. Defendant Contreras called for EMS, and the child was transported to the hospital, where emergency surgery was performed to remove the Taser probe from his head. According to arrest records, the minor disclosed at the hospital that Defendant Wilhelm had previously pointed the Taser at him to scare him.

9. Defendants Contreras, Young and Wilhelm and administrative officers at the police department had a duty to report the suspected child abuse to DSS; however, no one took any steps to do so. Rather, it was a nurse at the emergency room who realized the person suspected of the abuse was the person allowed to be with the victim in the hospital.

10. Defendant Wilhelm was allowed to resign his position at Town of Springdale Police Department.

11. On February 13, 2023, Defendant Wilhelm pled guilty to Misconduct in Office and Assault and Battery, 2nd degree.

12. Prior to hiring Defendant Wilhelm, the Town of Springdale was aware or should have been aware that he had been involved in numerous incidents of misconduct, including the use of excessive force while employed as a police officer with the City of Columbia.

13. The Town of Springdale either failed to inquire, thereby exhibiting an absence of slight care, or alternatively were aware and failed to monitor his activities as an officer under their employment.

### THEORIES OF LIABILITY
### FOR A FIRST CAUSE OF ACTION
### Excessive Force used on the minor C.R. against
### Defendant Wilhelm pursuant to 42 U.S.C. § 1983

14. The acts and omissions of Defendant Wilhelm by intentionally pointing, discharging, and striking the minor C.R. with his Taser without legal justification constitutes the use of unreasonable force in violation of the Fourth Amendment to the United States Constitution. As a direct and proximate result, the minor suffered physical and emotion injuries.

### FOR A SECOND CAUSE OF ACTION
### Unreasonable seizure of the minor C.R.
### against Defendant Wilhelm pursuant to 42 U.S.C. § 1983

15. The acts and omissions of Defendant Wilhelm in intentionally seizing the minor C.R. with his Taser without reasonable suspicion constitutes a violation of the Fourth Amendment to the United States Constitution. As a direct and proximate result, the minor C.R. suffered physical and emotional injuries.

### FOR A THIRD CAUSE OF ACTION
### Bystander Liability against Defendants Young and Contreras for failure to intervene in the use of excessive force by Defendant Wilhelm against the minor C.R. pursuant to 42 U.S.C. § 1983

16. The acts and omissions of Defendants Young and Contreras in failing to attempt to prevent or preventing Defendant Wilhelm from intentionally pointing, discharging,

and striking the minor C.R. with his Taser constitutes the use of unreasonable force in violation of the Fourth Amendment to the United States Constitution. Both defendants were aware of the constitutional violation occurring, both had an opportunity to intervene, and both chose not to act. As a direct and proximate result, the minor suffered physical and emotion injuries.

## FOR A FOURTH CAUSE OF ACTION
### Bystander Liability against Defendants Young and Contreras for failure to intervene in the unreasonable seizure of the minor C.R. by Defendant Wilhelm pursuant to 42 U.S.C. § 1983

17.     The acts and omissions of Defendants Young and Contreras in failing to attempt to prevent or preventing Defendant Wilhelm in intentionally seizing the minor C.R. with his Taser without reasonable suspicion constitutes a violation of the Fourth Amendment to the United States Constitution.  Both defendants were aware of the constitutional violation occurring, both had an opportunity to intervene, and both chose not to act. As a direct and proximate result, the minor C.R. suffered physical and emotion injuries.

## FOR A FIFTH CAUSE OF ACTION
### Assault against the Town of Springdale pursuant to SCTCA

18.     The acts and omissions of Defendant Wilhelm by pointing the Taser directly at the minor C.R. placed C.R. in reasonable fear of an imminent, unlawful touching, constituting assault under the South Carolina common law.  As a direct and proximate result, the minor C.R. suffered physical and emotional injuries.

## FOR A SIXTH CAUSE OF ACTION
### Battery against the Town of Springdale pursuant to SCTCA

19. The acts and omissions of Defendant Wilhelm by discharging and striking the minor C.R. in the back of his head with a Taser probe was an unlawful touching without consent, constituting a battery under the South Carolina common law. As a direct and proximate result, the minor C.R. suffered physical and emotional injuries.

## FOR A SEVENTH CAUSE OF ACTION
### Gross Negligence against the Town of Springdale pursuant to SCTCA regarding Defendant Wilhelm's threatened use and discharge of his Taser

20. Police officers with the Town of Springdale have a duty not to engage in unlawful acts nor reckless behavior to those in their custody. Defendant Wilhelm breached that duty by displaying, pointing, discharging, and ultimately striking the minor C.R. in the back of his head with a Taser probe. His actions were done with the absence of slight care and in a grossly negligent manner. As a direct and proximate result, the minor C.R. suffered physical and emotional injuries.

## FOR AN EIGHTH CAUSE OF ACTION
### Gross Negligence against the Town of Springdale pursuant to SCTCA on the failure of Defendants Young and Contreras and other unknown employees of the Town of Springdale

21. Defendants Young, Contreras, and other now unknown employees of the Town of Springdale had a duty to prevent and report misconduct by fellow officers or employees. Further, they are mandatory reporters and required by South Carolina law to report child abuses that they witness. All breached that duty in a grossly negligent manner and with the absence of slight care by 1) failing to report prior incidents where

7

Defendant Wilhelm threatened the use of and/or pointed his Taser at a minor child in his custody; 2) failing to make an attempt to prevent Defendant Wilhelm from pointing and discharging his Taser at the minor C.R. on April 21, 2021. As a direct and proximate result of their acts and omissions, the minor child was physically and emotionally injured.

## FOR AN NINTH CAUSE OF ACTION
### Gross Negligence against the Town of Springdale pursuant to SCTCA

22.    The Town of Springdale has a duty to properly investigate the prior employment history of all police officers it employs. The Town of Springfield, through its police chief or other administrative personnel, breached that duty by failing to properly investigate Defendant Wilhelm's prior history in law enforcement or, alternatively, was aware of his prior history of misconduct in law enforcement and failed to properly supervise him. Despite knowing this prior history of misconduct, the Town of Springdale employed Defendant Wilhelm as a law enforcement officer. As a direct and proximate result of the grossly negligent acts and omissions done with the absence of slight care C.R. was physically and emotionally injured.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1) Compensatory and punitive damages against the individual defendant on the 42 U.S.C. §1983 claims. Compensatory damages against the Town of Springdale on the SCTCA claims.

2)     Attorneys' fees and the costs of suit necessarily incurred pursuant to 42 U.S.C. §1988;

3)     And such further relief as the Court deems just or proper.

Respectfully submitted this the 23rd day of March, 2023, in Columbia, South Carolina.

                         s/J. Christopher Mills
                         J. Christopher Mills, Esquire
                         Federal I.D. 4802
                         P.O. Box 8475
                         Columbia, South Carolina 29202
                         Telephone: 803-748-9533
                         Facsimile: 803-753-9123
                         Email: chris@chrismillslaw.com

                         ATTORNEY FOR THE PLAINTIFF